**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:26-cv-21923-GAYLES**

**MARIO IVAN AGUILEZ PALMA,**

     **Petitioner**,

**v.**

**MARCOS CHARLES, et al.,**

     **Respondents.**

                            /

## <u>ORDER</u>

**THIS CAUSE** comes before the Court on Petitioner Mario Ivan Aguilez Palma's Petition for Writ of Habeas Corpus (the "Petition") against Respondents Marcos Charles, Immigration and Customs Enforcement ("ICE") and Removal Operations ("ERO") Acting Executive Associate Director; Juan Agudelo, Miami Interim Field Office Director; Charles Wall, Principal Legal Advisor for ICE's Office of the Principal Legal Advisor; Pamela Bondi, U.S. Attorney General;[1] Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS");[2] Todd M. Lyons, Senior Official Performing the Duties of the Director of ICE; E.K. Carlton, Warden of the Federal Detention Center, Miami ("FDC"); and John Doe, Custodian (together, "Respondents"). [ECF No. 1]. Petitioner challenges his detention at FDC without being afforded an individualized bond determination. *See generally id*. Respondents filed a Response in Opposition to the Petition. [ECF No. 5]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is **GRANTED IN PART**.

---

[1] Todd Blanche is now Acting Attorney General.
[2] Markwayne Mullin is now Secretary of the Department.

I.      BACKGROUND

A.      Petitioner's Immigration History in the United States

Petitioner is a Honduran national. [ECF No. 1]. On February 24, 2018, when he was fifteen years old, Petitioner entered the United States without inspection and without a parent or legal guardian. [ECF No. 1-5]. On February 25, 2018, DHS issued Petitioner a Notice to Appear and Warrant for Arrest, charging him as inadmissible under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. *Id.* On March 23, 2018, the Office of Refugee Resettlement ("ORR") released Petitioner into the care of his mother in Florida. *Id*.

On November 29, 2022, Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal (the "Asylum Application") with U.S. Citizenship and Immigration Services ("USCIS") [ECF No.]. On November 30, 2022, Petitioner filed a motion with the United States Department of Justice Executive Office for Immigration Review ("EOIR") asking it to administratively close his removal proceedings based on his pending Asylum Application ("Motion to Close"). [ECF No. 1-7]. The record does not reflect whether an Immigration Judge ever ruled on Petitioner's Motion to Close, and Petitioner's removal proceedings remain pending. [ECF No. 1].

On January 4, 2026, the Broward County Sheriff's Office arrested Petitioner on two charges: (1) Domestic Battery by Strangulation and (2) Battery. [ECF No. 1-8].[3] On February 5, 2026, the State of Florida declined to prosecute both counts. [ECF No. 1-9].

On February 12, 2026, ICE took Petitioner into custody and detained him at FDC. On March 16, 2026, an Immigration Judge denied Petitioner's request for a custody redetermination,

---

[3] According to the Probable Cause Affidavit, Petitioner's girlfriend accused Petitioner of striking her in the head two times with a closed fist and wrapping a phone charging cord around her neck in a manner consistent with strangulation. Deputies observed visible injuries on the victim consistent with her account of events. The victim's minor child was present during the alleged incident. [ECF No. 1-9].

[ECF No. 1-3], and Petitioner has not otherwise received a bond hearing. To date, Petitioner remains in ICE custody at FDC. [ECF No. 1].

**B.       Petitioner's Habeas Petition**

On March 23, 2026, Petitioner filed the Petition alleging three counts against Respondents: Violation of Fifth Amendment Procedural Due Process (Count I); Violation of Fifth Amendment Substantive Due Process (Count II); Unlawful Detention Beyond Statutory Authority (Count III); Arbitrary and Unreasonable Detention (Count IV); Violation of the INA: Request for Relief Pursuant to *Maldonado Bautista* (Count V); and Attorney's Fees Under the Equal Access to Justice Act (Count VI). [ECF No. 1]. In Counts I, III, and V, Petitioner asks this Court to order that he be provided an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* On April 6, 2026, Respondents filed a Response in Opposition to the Petition, arguing that Petitioner is not entitled to an individualized bond hearing because Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2), not § 1226(a). [ECF No. 5].

**II.      LEGAL STANDARD**

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). This Court has jurisdiction over challenges involving immigration detention as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a). *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

### III.   ANALYSIS

The core disagreement remaining between Petitioner and Respondents is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in § 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g., Nguyen*, 2025 WL 3451649, at *3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025)).

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework," *Gomes,* 2025 WL 1869299, at *2, unlike the mandatory detention framework of § 1225(b)(2). Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, the DHS issued a notice to all ICE employees, indicating that any noncitizen in the United States who has not been formally admitted or paroled shall be considered an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino v. Ripa, 2025 WL 2941609, at *3* (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this

interpretation, the BIA held in *Matter of Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."[4] *Merino,* 2025 WL 2941609, at *3 (citing cases); *see also Puga*, 2025 WL 2938369, at *2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure Hurtado* — have rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649, at *3; *Ardon-Quiroz,* 2025 WL 3451645, at *7.

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2018, is governed by § 1226(a) and not § 1252(b)(2). Petitioner is therefore entitled to a bond hearing under § 1226(a), and Counts I, III, and V are granted in part. The Court declines to reach the merits of Petitioner's other claims in Counts II,

---

[4] The Court acknowledges the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which agreed with the government's position here. But that decision "distort[s] the statutory text, abstract[s] it from its context and history, ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme, and wave[s] away the [government's] previous failure to detain millions of noncitizens as if it were a rounding error." *Id.* at 509 (Douglas, J., dissenting). Indeed, the Fifth Circuit's decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 WL 621380, at *2 n.1 (M.D. Fla. Mar. 5, 2026).

IV, and VI.[5] *See, e.g.*, *Nguyen*, 2025 WL 3451649, at *4 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in other counts but allowing the petitioner to reassert its due process claim if the respondents do not provide a bond hearing); *Puga*, 2025 WL 2938369, at *6 (same). If Respondents do not comply with this Order by providing Petitioner a bond hearing under § 1226(a), Petitioner may renew his other claims. Since Counts I and III are "unripe claim[s] contingent on Petitioner not receiving a custody determination hearing under section 1226(a), 'the Court must dismiss [them] without prejudice[.]'" *Nguyen*, 2025 WL 3451649, at *4 (citing *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020)).

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Petitioner Mario Ivan Aguiluz Palma's Petition for Writ of Habeas Corpus [ECF No. 1], is **GRANTED IN PART**. The Court finds that Petitioner falls under 8 U.S.C. § 1226(a).

(2) Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **April 22, 2026**, or otherwise release Petitioner.

(3) Counts II, IV, and VI of the Petition are **DISMISSED WITHOUT PREJUDICE**.

(4) This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of April, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[5] Count VI is a request for attorney's fees under the Equal Access to Justice Act. If Petitioner seeks attorney's fees, he must file a motion for attorney's fees with supporting documentation of the fees incurred.